USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
DENNIS SWEENEY,
        Plaintiff,

v.

BDO USA, LLP and JANET BERNIER, in her
individual and professional capacities,

        Defendants.
------------------------------------- X

**MEMORANDUM ENDORSED**

CIVIL ACTION NO.: 1:19-CV-07389

**DEFENDANT BDO'S MOTION TO STRIKE PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS BDO'S SECOND AMENDED COUNTERCLAIM**

Defendant BDO USA, LLP ("BDO" or "Defendant"), by and through its attorneys, moves to strike Plaintiff's Reply in support of Motion to Dismiss BDO's Second Amended Counterclaim (ECF No. 50.)

On December 23rd, 2019, Plaintiff filed its Motion to Dismiss BDO's Second Amended Counterclaim (ECF No. 40.) On December 24th, 2019, counsel for BDO filed a letter requesting clarification on the Opposition and Reply deadlines (ECF No. 43.) On December 26, 2019, the court signed an order stating "Defendant's opposition is due no later than January 13, 2020. Plaintiff's reply, if any, is due one week following service of Defendant's opposition." (ECF No. 44.) One week—or 7 calendar days following January 13, 2020 would have been January 20, 2020, which was a recognized Federal holiday. Federal Rule of Civil Procedure 6(a)(1) made the new deadline for Plaintiff's Reply January 21, 2020. Plaintiff filed the Reply on January 22, 2020 (ECF No 50.)

It is one thing for busy lawyers to have difficulty meeting a deadline, but it is quite another thing for Plaintiff's counsel to take it upon themselves to ignore a court-imposed deadline and file an overdue Reply whenever they want. If counsel for Sweeney were truly

unable to meet the January 21st deadline, they should have forthrightly advised the Court of that and should have timely brought the matter to the Court's attention and filed a motion seeking additional time.

Under Federal Rule of Civil Procedure 16, Judges have inherent power to manage their own proceedings. Failure to meet a court-imposed deadline is grounds to strike. *See RLI Ins. Co. v. May Const. Co., Inc.*, 09 Civ. 7415(PKC), 2011 WL 1197937 at *2 n. 1 (S.D.N.Y. Mar. 22, 2011) (granting motion to strike for party's failure to obey scheduling order under Rule 16(f)). A district court may deny consideration to untimely filings. *See, e.g.*, *Living Legends Ret. Ctr., Inc. v. Lexington Ins. Co.*, No. 04-60435-CIV, 2005 WL 8154654, at *2 (S.D. Fla. Sept. 12, 2005) (striking plaintiff's reply as untimely where it was filed after the due date).

For the foregoing reasons, Defendant requests that the Court strike Plaintiff's Reply in Support of its Motion to Dismiss as untimely.

Dated:   January 27, 2020                                   Respectfully Submitted,


By: */s/ Kyla J. Miller*
Michael J. Sheehan
Kyla J. Miller (admitted *pro hac vice*)
Attorneys for Defendants
McDermott Will & Emery LLP
444 West Lake Street
Chicago, Illinois  60606-0029
+1 312 372 2000

**ATTORNEYS FOR DEFENDANTS**

Application denied.  Although Plaintiff's reply was untimely, the Court exercises its discretion to decline to strike it. However, the Court reminds Defendant of its obligation to meet Court-imposed deadlines. The Court reminds Plaintiff that failure to comply with Court orders in the future may result in the imposition of sanctions.

SO ORDERED.

Dated: January 28, 2020                                                     GREGORY H. WOODS
New York, New York                                                          United States District Judge